UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Noppassorn Vechyom <br>     Plaintiff, <br><br> vs. <br><br> Sequium Asset Solutions, LLC <br><br>     Defendants. | ) <br> ) <br> )    Case No. 21-cv-00661 <br> ) <br> ) <br> ) <br> ) <br> ) |

**Complaint Filed by the Debtor Arising out of Violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code, Violations of the Telephone Consumer Protection Act provided for by 47 USC §227, Violations of the Automatic Stay, provided for by Section 362 of Title 11 and the Discharge Injunction, provided for by Section 524 of Title 11.**

**NOW COME** the above-named Plaintiff, individual consumer, by and through her attorney, Thomas W. Toolis of Frankfort Law Group, and respectfully brings before the Court an action for actual and statutory damages against Defendant, Sequium Asset Solutions, LLC., in violation of the Fair Debt Collection and Practices Act provided for by Section 1692 of Title 15 of the United States Code, in violation of 11 USC §105, §361, proving for an automatic stay of all debt collection during the pendency of the Plaintiff's Chapter 7 Bankruptcy & §524 providing an injunction against collection after discharge of the Debtor and Violations of the Telephone Consumer Protection Act provided for by 47 USC § 227.

## I.     JURISDICTION

1.     Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here. This contested case is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and

matters arising out of the administration of bankruptcy case number 20-17932, and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. This Court has jurisdiction to enter a final and dispositive order in this matter.

3. This Court has both personal and subject-matter jurisdiction to hear this contested case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 11 of the United States Code.

4. This Court has jurisdiction for the Fair Debt Collection Practice Act violations pursuant to Section 1692 of Title 15 of the United States Code; 28 U.S.C. § 1367 for the pendent state law claims and the TCPA claims; thus federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

5. Section 362(h) of title 11 of the United States Code provides individual debtors with a powerful tool to safeguard the benefits of the automatic stay and to discourage violations of the stay. *In Re Sumpter*, 171 B.R. 835 (Bankr. N.D. Ill. 1994). The debtor further alleges that this provision provides that "an individual injured by a willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. Section 362(h).

6. Section 524(a)(2) of title 11 of the United States Code operates as an injunction against the commencement or continuation of any act to collect or recover a debt as a personal liability of the debtor. Punitive damages may also be awarded as a sanction against a creditor for violating §524. *In re Cherry, Bankruptcy E.D. Va. 2000, 247 BR 176*. Furthermore, "[a] bankruptcy judge has jurisdiction to interpret, apply, and enforce a plan confirmed under its jurisdiction." *Public Service Co. of New Hampshire v. Richards,* 148 B.R. 702, 705 (Bankr. D.N.H. 1992).

7. In addition, this action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

8. This is an action by a consumer seeking actual, statutory, and punitive damages, attorney fees and costs for the defendant's violation of The Fair Credit Reporting Act (hereinafter "FCRA").

9. 11 USC §105(A) of the United States Bankruptcy Code states that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. Congress provided a remedy for violation of the discharge injunction through a court's inherent contempt power. *Bessette v. AVCO Financial Services, Inc*. D.R.I 1999, 240 B.R. 147.

## II.   PARTIES

10. Plaintiff, Noppassorn Vechyom, hereinafter "Plaintiff", is a natural person residing in the City of Chicago, County of Cook, and State of Illinois.

11. Defendant, Sequium Asset Solutions, LLC., is a Georgia corporation authorized to do business in Illinois, hereinafter, "SEQUIUM". Upon information and belief, Defendant is engaged in the business of collecting on defaulted debts in this state with its principal place of business located at 1130 Northchase Parkway #150, Marietta, Georgia.

12. Upon information and belief, SEQUIUM, is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6), and as defined by the Illinois Collection Agency Act, 225 ILCS 425/2.

### III. ALLEGATIONS IN SUPPORT OF THE VIOLATIONS

13. Plaintiff does not operate or own any type of business, and only has consumer debt.

14. On or about September 30, 2020, Plaintiff filed for relief from her debts pursuant to Chapter 13 of the United States Bankruptcy Code. The Clerk of the Bankruptcy Court assigned case number 20-17932 to her case. *See Attached Exhibit A.*

15. The Plaintiff received her discharge on January 5, 2021. *See Attached Exhibit B.* During the pendency of the Chapter 7, Plaintiff stopped paying all her unsecured debt.

16. Upon information and belief, and sometime thereafter, the debt was sent, transferred or assigned to SEQUIUM for the purpose of collecting on the debt.

17. After the filing of the Bankruptcy, SEQUIUM placed numerous phone calls to the Plaintiff's cellular phone in attempts to collect the now discharged debt as follows:

   a. Defendant called Plaintiff's cell phone on November 5, 2020 at 9:36 am;
   b. Defendant called Plaintiff's cell phone on November 6, 2020 at 10:27 am;
   c. Defendant called Plaintiff's cell phone on November 9, 2020 at 3:51 am
   d. Defendant called Plaintiff's cell phone on November 10, 2020 at 2:29 am;
   e. Defendant called Plaintiff's cell phone on November 12, 2020 at 8:22 am
   f. Defendant called Plaintiff's cell phone on November 12, 2020 at 2:43 am
   g. Defendant called Plaintiff's cell phone on November 13, 2020 at 9:02 am;
   h. Defendant called Plaintiff's cell phone on November 16, 2020 at 10:23 am;
   i. Defendant called Plaintiff's cell phone on November 17, 2020 at 2:07 am;
   j. Defendant called Plaintiff's cell phone on November 18, 2020 at 9:24 am;
   k. Defendant called Plaintiff's cell phone on November 20, 2020 at 1:49 pm;
   l. Defendant called Plaintiff's cell phone on November 20, 2020 at 11:56 am;
   m. Defendant called Plaintiff's cell phone on November 23, 2020 at 9:44 am
   n. Defendant called Plaintiff's cell phone on November 24, 2020 at 9:37 am;
   o. Defendant called Plaintiff's cell phone on November 24, 2020 at 8:36 am;
   p. Defendant called Plaintiff's cell phone on December 2, 2020 at 9:30 am;
   q. Defendant called Plaintiff's cell phone on December 8, 2020 at 11:22 am;
   r. Defendant called Plaintiff's cell phone on December 9, 2020 at 12:31 am;
   s. Defendant called Plaintiff's cell phone on December 11, 2020 at 9:38 am;
   t. Defendant called Plaintiff's cell phone on December 14, 2020 at 11:14 am;
   u. Defendant called Plaintiff's cell phone on December 14, 2020 at 8:46 am;

  v. Defendant called Plaintiff's cell phone on December 18, 2020 at 8:57 am;
  w. Defendant called Plaintiff's cell phone on December 19, 2020 at 9:04 am;
  x. Defendant called Plaintiff's cell phone on January 6, 2021 at 3:43 pm;
  y. Defendant called Plaintiff's cell phone on January 8, 2021 at 8:31 am; and
  z. Defendant called Plaintiff's cell phone on January 11, 2021 at 10:36 am.

18. Upon information and belief, each of the above calls were made using an automated dialing system.

19. At all times relevant herein, the Plaintiff was represented by an attorney.

20. As a result of the acts alleged above, Plaintiff suffered emotional distress and grief, as well as actual damages.

21. Upon information and belief; each call was an attempt to collect a debt discharged in bankruptcy.

22. All of the above-described collection communications made to Plaintiff by SEQUIUM and their collection employees employed by SEQUIUM, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692b(5), 1692c(a)(1), 1692 c(a)(2), 1692c(a)(3), 1692c(b), 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10), and 1692f, amongst others.

## IV. CLAIM FOR RELIEF – TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. Section 227 et seq.

23. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

24. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant SEQUIUM, at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

25. Under U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

26. Defendant, SEQUIUM willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to 47 U.S.C. Section 227(b)(3).

27. Plaintiff is entitled to injunctive relief prohibiting SEQUIUM from contacting Plaintiff on her cellular phones using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a).

## V. CLAIM FOR RELIEF – FDCPA

28. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff and alleging that the discharged debt was due when SEQUIUM knew or should have known that the Plaintiff had no further obligation to pay the debt. 15 USC §§ 1692

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

## VI. CLAIM FOR RELIEF – VIOLATION OF AUTOMATIC STAY AND DISCHARGE INJUNCTION

31. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

32. Defendant is liable to the Plaintiff for violation of the discharge injunction pursuant to 11 USC 524(a)(2) and 11 USC §105 for the following actions:

   a. Phone calls to the Plaintiff's cellular phone; and

   b. Alleging a debt is due when it has already been discharged.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant, SEQUIUM, for the following:

A. That this Court impose sanctions against the Defendant, SEQUIUM, for violating Sections 362 & 524(a)(2) of Title 11 of the United States Code by ordering the Defendants to pay monetary damages to the Plaintiff in excess of the sum of $5,000.00;

B. That this Court order the Defendant named herein to pay all legal fees and expenses incurred by counsel for the Plaintiff, said fees to be calculated at the rate of $450.00 per hour, but in no event to be less than $3,500.00;

C. That this Court for statutory damages in the amount of $1,000.00 against the defendants for their violations of the Fair Credit Reporting Act;

D. That, in the alternative, this Court hold the Defendants in civil contempt for violating the Order for Relief duly entered in the Plaintiff's Bankruptcy case and impose damages including, but not limited to actual damages, punitive damages, court costs and legal fees, all in the discretion of the Court; and

E. That this Court order the Defendants to pay additional actual damages and statutory damages of $1,000.00 to Plaintiff for violating the FDCPA pursuant to 15 U.S.C. Section 1692k in the form of additional punitive damages;

F. Any other or further relief that this court deems just.

## **JURY DEMAND**

Please take notice that the Plaintiff demand trial by jury in this action.

Respectfully Submitted,

February 4, 2021

*/s/ Thomas W. Toolis*
6270743                                               Thomas W. Toolis
Thomas W. Toolis
Attorney for Plaintiff
Frankfort Law Group
10075 W. Lincoln Hwy.
Frankfort, Illinois 60423
708-349-9333

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS )
) ss
COUNTY OF WILL )

Plaintiff, Noppassorn Vechyom, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and we believe that all of the facts contained in it are true, to the best of our knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Noppassorn Vechyom

Subscribed and sworn to before me
this ___1___ day of __February__, 2021

_____
Notary Public

OFFICIAL SEAL
THOMAS W TOOLIS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/11/24